UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANNA BROADDUS,<br>      Petitioner,<br><br>      v.<br><br>TIMETHEA PULLEN, Warden of Federal Correctional Institution at Danbury, in her official capacity,<br>      Respondent. | No. 3:22-cv-172 (SRU) |

**OMNIBUS RULING ON PENDING MOTIONS and ORDER**

Janna Broaddus ("Petitioner"), incarcerated at Federal Correctional Institution, Danbury ("FCI Danbury") and proceeding *pro se*, filed what she labeled as a motion for compassionate release, which I have construed as a petition for habeas corpus arising under 28 U.S.C. § 2241. She also filed motions to proceed *in forma pauperis* and for appointment of counsel. Warden of FCI Danbury Timethea Pullen ("Respondent") has moved to dismiss the petition. For the following reasons, Broaddus's motion to proceed *in forma pauperis* is denied without prejudice; Pullen's motion to dismiss is granted, with prejudice in part and without prejudice in part; and Broaddus's motion to appoint counsel is granted.

**I.  Background**

On November 9, 2020, before the Honorable James R. Sweeney, United States District Judge for Southern District of Indiana, Broaddus entered a guilty plea to one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. *See United States v. Broaddus*, Dkt. No. 1:20-cr-97, Doc. No. 771 (S.D. Ind. 2020) [hereinafter *Indiana Case*]. On September 8, 2021, Broaddus was sentenced to, *inter alia*, seventy-eight months' imprisonment

followed by five years' supervised release. *Indiana Case*, Doc. No. 1225-1226. Her projected release date is September 30, 2025. Gov.'s Ex. C, Doc. No. 13-3, at 2.

On January 31, 2021, Broaddus filed the instant motion stylized as a motion for emergency placement on home confinement, which the Clerk docketed as a motion for compassionate release. Pet., Doc. No. 1, at 1; Doc. No. 8. In addition, Broaddus moved for leave to proceed *in forma pauperis* and for appointment of counsel. Docs. No. 2-3.

On February 3, 2022, United States Magistrate Judge Thomas O. Farrish gave notice to Broaddus that her motion to proceed *in forma pauperis* was deficient for failure to submit a complete application and ledger sheet. On February 14, 2022, Broaddus again sought leave to proceed *in forma pauperis*. Doc. No. 11. That motion is pending.

On March 1, 2022, I construed her motion as a habeas petition arising under 28 U.S.C. § 2241, challenging unconstitutional conditions of confinement, in violation of the Eighth Amendment, and ordered the government to show cause.[1] On March 11, 2022, Pullen responded to the show cause order and moved to dismiss Broaddus's petition. *See generally* Mot. to Dismiss, Doc. No. 13. On April 4, 2022, Broaddus replied to the government's order to show cause. Reply, Doc. No. 16.

---

[1] The Order to Show Cause states I would treat the document labeled as a Motion for Compassionate Release as a "petition for writ of habeas corpus [filed] pursuant to 28 U.S.C. § 2255." Doc. No. 12. The reference to 28 U.S.C. § 2255 was a scrivener's error. As the Warden correctly explains, this Court cannot entertain a section 2255 habeas petition; such a petition must be filed in the district where the prisoner was convicted and sentenced, and Broaddus was convicted and sentenced in the Southern District of Indiana. Response, Doc. No. 13, at 1 n.1. On the other hand, because Broaddus is confined at FCI Danbury, a facility in this district, and appears to challenge the constitutionality conditions of her confinement, I may construe her motion as a section 2241 habeas petition and review the petition.

**II.      Motions for Leave to Proceed *In Forma Pauperis***

Broaddus has moved for leave to proceed *in forma pauperis*. Docs. No. 2, 11. She has twice failed to provide a certified copy of her inmate trust account statement ("the ledger sheet"), as is required by the *in forma pauperis* statute. *See* 28 U.S.C. § 1915. Accordingly, Broaddus's motions to proceed *in forma pauperis,* docs. no. 2 and 11, are **denied without prejudice**.

Because I construe this petition as arising under 28 U.S.C. § 2241, I advise Broaddus that the filing fee for *habeas corpus* matters is $5.00. If she contends that she is unable to prepay a $5.00 filing fee, she must file a certified copy of her inmate trust account statement within twenty-one days. In the alternative, she may pay the filing fee. If she does not take either action by **October 21, 2022**, her case may be dismissed.

**III.     Motion to Dismiss**

Broaddus filed the instant motion stylized as a motion for emergency placement on home confinement, which the Clerk docketed as a motion for compassionate release and which I have construed as a petition for habeas corpus. Pet., Doc. No. 1, at 1. Broaddus principally contends that conditions at FCI Danbury are unsafe, because COVID-19 is widespread and there is no social distancing;[2] and she asserts that numerous medical conditions put her at increased risk of severe complications from COVID-19, including but not limited to obesity; a history of smoking; cervical cancer; Hepatitis C, rendering her immunocompromised; dental conditions; a suspected heart condition; mental illness; and thyroid disorder. *Id*. at 2, 8-9. Broaddus requests "emergency placement onto home confinement." *Id.* at 1.

---

[2] She alternately alleges that 75% and 5% of the camp has COVID-19. *Compare id.* at 2 with *id.* at 4.

Pullen moves to dismiss the petition. In support, Pullen argues that this Court lacks authority to grant Broaddus's request for home confinement and asserts that the Prison Litigation Reform Act ("PLRA") affirmatively prohibits this Court from doing so. Resp.'s Mot. to Dismiss, Doc. No. 13. The motion to dismiss is granted, with prejudice in part and without prejudice in part.

A. Legal Standard

A court "reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6)." *Spiegelmann v. Erfe*, 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Because Broaddus filed her petition *pro se*, I must construe her filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

B. Discussion

Liberally construed, there are three ways to interpret Broaddus's petition; first, as a motion for home confinement pursuant to 18 U.S.C. § 3624(c); second, as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c); or third, as a habeas petition pursuant to 28 U.S.C. § 2241.

To the extent that I construe Broaddus's motion as a motion for home confinement or as a motion for compassionate release, I am unable to grant relief for the reasons set forth in my recent ruling in *Ramirez v. Pullen*. *See* Dkt. No. 3:22-cv-279, Doc. No. 9 (D. Conn. September 30, 2022). Accordingly, to the extent that Broaddus seeks relief arising under 18 U.S.C. § 3624(c) or 18 U.S.C. § 3582(c), Pullen's motion to dismiss is granted and those claims are dismissed with prejudice.

In contrast, this Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A writ of habeas corpus under section 2241 is "available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). That includes challenges to conditions or actions that pose a threat to an inmate's medical wellbeing. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (providing that "execution of a sentence" covers challenges to conditions of confinement); *see also Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).

In reviewing such petitions, a district court has "inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of [her] custody," *Ostrer v. United States*, 584 F.2d 594, 597 n.1 (2d Cir. 1978), if the petitioner can show that: (1) "the habeas petition raises substantial claims," and (2) "extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) (cleaned up). The standard is "difficult" to satisfy, *id.* at 226, but it is not insurmountable. Throughout the COVID-19

5

pandemic, district courts have relied on *Mapp* to consider whether to issue "bail or temporary release orders to section 2241 petitioners who have argued that their conditions of confinement and medical histories make them especially vulnerable to serious illness from COVID-19." *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 431 (D. Conn. May 12, 2020) (collecting cases).

     Liberally construing Broaddus's petition, I choose to review it as seeking bail or release under *Mapp*. Broaddus avers that she has numerous medical conditions that put her at increased risk of complications from COVID-19: cancer; a potential heart condition; immunocompromised condition; mental health conditions; obesity; and a smoking history. *See* Pet., Doc. No. 1, at 8-9; *see also* People with Certain Medical Conditions, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Sept. 2, 2022) (recognizing that the listed conditions can increase the risk of severe illness due to COVID-19). She also alleges that social distancing is impossible at FCI Danbury and that the camp has run out of sanitary supplies. Pet., Doc. No. 1, at 2, 6. Of note, she does not request that FCI Danbury implement certain measures to protect her from COVID-19. Rather, she seeks emergency release to home confinement. Accordingly, Broaddus appears to request that this Court exercise its "inherent authority to admit to bail individuals," including habeas petitioners, "properly within [its] jurisdiction." *Mapp*, 241 F.3d at 226; *see also*, *e.g.*, *Daum v. Eckert*, 2020 WL 5040596, at *2 (E.D.N.Y. Aug. 26, 2020), *aff'd in part, appeal dismissed in part*, *as amended*, 2021 WL 4057190 (2d Cir. Sept. 8, 2021) (construing a COVID-19-related filing as a motion for bail pending the resolution of his habeas proceeding).

     As a result, also for reasons set forth in my order in *Ramirez v. Pullen*, I reject Pullen's argument that the PLRA necessarily precludes the relief Broaddus seeks. *See* Dkt. No. 3:22-cv-

279, Doc. No. 9, at 7 (collecting cases). Broaddus appears to allege that no set of conditions of confinement would be constitutionally permissible, in light of the risks arising from the COVID-19 pandemic and her alleged medical vulnerability. *See also* Reply, Doc. No. 16. In such circumstances, a petitioner's claims are not covered by the PLRA.

Turning to the merits of Broaddus's claim, Pullen asserts that "the allegations of the instant petition do not present unique circumstances that rise to a level where Petitioner has plausibly alleged or shown that she must be removed from FCI Danbury for her custody to be consistent with the Eighth Amendment." Resp.'s Mot. to Dismiss, Doc. No. 13, at 13. Although the Warden's conclusory analysis does not address any of the specific facts that Broaddus alleges, I agree that Broaddus's petition falls short of the *Mapp* standard warranting release.

*Mapp* requires that the petition sets forth extraordinary circumstances. In this context, the Second Circuit has suggested that an inmate must demonstrate that she is particularly at risk of contracting a severe case of COVID-19 and that the facility in which she is incarcerated is ill-equipped to counteract the spread of the virus. *See Daum v. Eckert*, 2021 WL 4057190, at *1 (2d Cir. Sept. 7, 2021), *as amended* (Sept. 8, 2021) (unpublished opinion). Although Broaddus alleges numerous medical conditions that put her at increased risk of complications from COVID-19, and this Court has already observed that the "structure of the three facilities at FCI Danbury— even assuming that all reasonable precautions and safety measures are being fastidiously observed. . . — heightens the risk of transmission" due to the difficulties of social distancing, *Martinez-Brooks*, 459 F. Supp. 3d at 439-40, I need not decide whether Broaddus sufficiently establishes extraordinary circumstances arising from her comorbidities in this phase of the COVID-19 pandemic. I need not do so, because her petition fails on the second *Mapp* prong.

*Mapp* further requires that the petition sets forth a substantial claim. A claim is "substantial" where the petitioner demonstrates that she is "very likely to succeed" on the claim. *United States v. Manson*, 788 F. App'x 30, 32 (2d Cir. 2019). Broaddus's challenge to the conditions of her confinement arises under the Eighth Amendment, which prohibits "cruel and unusual punishments," U.S. Const. amend. VIII, and protects prisoners' rights to "humane" conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a substantial claim, Broaddus must satisfy both an "objective" and "subjective" prong. *Id.* at 834.

To satisfy the "subjective" prong, prison officials must have acted with a "sufficiently culpable state of mind," constituting "'deliberate indifference' to inmate health or safety." *Id*. (cleaned up). Broaddus cannot satisfy that standard because she has not taken the steps necessary to fully protect herself from the virus. Although Broaddus received two doses of the vaccine, she declined a booster. *See* Gov. Ex. A, Doc. No. 13-1. Broaddus cannot state a claim for a deliberate indifference where she has refused treatment. *See*, *e.g.*, *Milchin v. Warden*, 2022 WL 1658836, at *5 n.2 (D. Conn. May 25, 2022) (providing that the petitioner's refusal to be vaccinated "undercut[] any claim for deliberate indifference to medical needs"); *see also United States v. Zaidan*, 2022 WL 1222997, at *2 (N.D. Ind. Apr. 26, 2022) (denying compassionate release where inmate refused booster because "[i]t would not be sensible to conclude that an inmate can refuse a vaccine and then be heard to argue that he must be released from custody because he has no protection from the very disease the vaccine has been shown to successfully prevent (or at least diminish)"). Thus, Broaddus fails to assert a substantial claim upon which the relief she seeks, release from prison on bail to protect her from COVID-19, might be granted.

Accordingly, I dismiss Broaddus's section 2241 petition without prejudice.

In sum, to the extent that Broaddus seeks relief arising under 18 U.S.C. § 3624(c) or 18 U.S.C. § 3582(c), Pullen's motion to dismiss is **granted** and those claims are **dismissed with prejudice**. To the extent that Broaddus seeks relief arising under 28 U.S.C. § 2241, Pullen's motion to dismiss is **granted** and that claim is **dismissed without prejudice**.

### IV.   Motion to Appoint Counsel

Broaddus's motion to appoint counsel is **granted**. Doc. No. 3. I grant Broaddus leave to file an amended petition **within sixty days** of the appearance of counsel. A scheduling order shall enter at that time.

### V.   Conclusion

In conclusion, for the foregoing reasons, I issue the following rulings:

- Regarding Docs. No. 2 and 11, Motions for Leave to Proceed *In Forma Pauperis*, the motions are **denied without prejudice**;

- Regarding Doc. No. 3, Motion to Appoint Counsel, the motion is **granted**;

- Regarding Doc. No. 13, Response to Order to Show Cause and Motion to Dismiss, the motion is **granted** and Broaddus's claims are **dismissed**, in part with prejudice and in part without prejudice;

- Regarding Doc. No. 14, Motion for Extension of Time to Respond to the Motion to Dismiss, the motion is **denied as moot**; and

- Regarding Doc. No. 17, Motion for Status Update, the motion is **denied as moot**.

As explained, I grant Broaddus leave until on or before October 21, 2022 to either file a certified copy of her inmate trust account or pay the filing fee.  In addition, I grant Broaddus leave to file an amended petition within 60 days of appointment of counsel.

I respectfully request that the Clerk appoint counsel in this matter.

So ordered.

Dated at Bridgeport, Connecticut, this 30th day of September 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge