UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANNA BROADDUS,<br>    Petitioner,<br><br>v.<br><br>TIMITHEA PULLEN, Warden of Federal Correctional Institution at Danbury, in her official capacity,<br>    Respondent. | No. 3:22-cv-172 (SRU) |

### ORDER OF DISMISSAL

On January 31, 2022, Janna Broaddus, then-incarcerated at Federal Correctional Institution, Danbury ("FCI Danbury") and proceeding *pro se*, filed what she labeled as a motion for compassionate release seeking transfer to home confinement. *See generally* Petition, Doc. No. 1. I construed her filing as a petition for writ of habeas corpus challenging the conditions of her confinement, arising under 28 U.S.C. § 2241, and seeking immediate release to bail, pursuant to *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001). *See generally* Mem. Decision, Doc. No. 18.

On September 30, 2022, I granted Warden Pullen's motion to dismiss Broaddus's petition with prejudice in part and without prejudice in part. *Id.* Reasoning that Broaddus's failure to be fully vaccinated undermined the subjective prong of her Eighth Amendment claim, I dismissed Broaddus's section 2241 petition without prejudice to repleading. *Id.* at 8. I further granted Broaddus's motion to appoint counsel and afforded her leave to file an amended complaint. *Id.* at 9. I have since afforded appointed counsel extensions of time to file an amended petition, due to Attorney Rebecca Harris's representations that Broaddus

appears to have been transferred from FCI Danbury to a facility in Detroit, Michigan, and she has been unable to communicate with Broaddus. Docs. No. 30-33.

Now, I take judicial notice of the federal Bureau of Prisons ("BOP") website, which indicates that Broaddus is no longer incarcerated at FCI Danbury.[1] As I understand the Petition, Broaddus sought release on the basis that no set of conditions of confinement at FCI Danbury would be constitutionally permissible in light of (1) specific features of the Danbury facility and (2) Broaddus's risk of severe illness from COVID-19, in light of her alleged medical vulnerabilities. Mem. Decision, Doc. No. 18, at 6-7. Although the nature of Broaddus's current confinement at Residential Reentry Management (RRM) - Detroit is not known to the Court, the material fact in this matter is that Broaddus is no longer confined at FCI Danbury. As I construe the Petition, Broaddus obtained the relief sought therein when she was released from FCI Danbury.

"Article III of the Constitution limits [federal courts'] subject-matter jurisdiction to 'disputes involving "live cases and controversies."'" *Ciaprazi v. Jacobson*, 719 F. App'x 86,

---

[1] The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information). Here, I take judicial notice of the BOP website, at which a search for Broaddus's name on the Inmate Location Service returns a message stating that Broaddus is located at "Detroit RRM" and scheduled for release on April 13, 2025. *See* Find an Inmate, *Federal Bureau of Prisons*, https://www.bop.gov/mobile/find_inmate/index.jsp (last visited April 25, 2023). Detroit RRM appears to be a Residential Reentry Management ("RRM") field office supervising inmates in, *inter alia*, residential reentry centers and home confinement. *See* RRM Detroit, *Federal Bureau of Prisons*, https://www.bop.gov/locations/ccm/cdt/ (last visited April 25, 2023).

I also take judicial notice of Broaddus's motion to withdraw her then-pending motion for compassionate release, filed in her underlying criminal case, in which Broaddus (through counsel) represented that because she was "released from prison pursuant to the CARES Act" and "assigned to" RRM Detroit, her motion for compassionate release was no longer necessary, and the fact that District Judge James R. Sweeney II granted the motion. *See United States of America v. Broaddus*, Dkt. No. 1:20-cr-97 (JRS) (DLP), Docs. No. 1442-43 (S.D. Ind. Feb. 24, 2023).

2

87 (2d Cir. 2018) (quoting *County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010)).

A case becomes moot when "the problem sought to be remedied has ceased, and where there is no reasonable expectation that the wrong will be repeated." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018). The Petition appears to be moot, because Broaddus has been released from FCI Danbury.[2]

Accordingly, this matter is hereby **dismissed** without prejudice.

I direct the Clerk to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of April 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[2] To any extent that I may have misconstrued the Petition and Broaddus intends to argue more broadly that there are no conditions of confinement in any facility that would be constitutionally permissible due to her medical vulnerabilities and the risk of severe illness from COVID-19, this petition is dismissed without prejudice and she is free to present such arguments in a new petition filed against her immediate custodian (the warden of the facility in which she is presently confined), filed in the federal district court in the district in which she is confined. *See generally Rumsfeld v. Padilla*, 542 U.S. 426 (2004) (describing the immediate physical custodian and territorial jurisdiction rules governing habeas petitions).